THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED JOHNSON, Appellant. [952 NYS2d 873]—

The record supports the court's discretionary upward departure to risk level two. Defendant has demonstrated an extremely high risk of recidivism, and the type of misconduct in which he habitually engages is sufficiently serious to warrant an upward departure to level three (*see People v Corian*, 77 AD3d 590 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]).

The court properly classified defendant as a sexually violent

offender. Defendant was convicted of persistent sexual abuse after that crime had been enumerated as a crime requiring classification as a sexually violent offense (*see* Correction Law § 168-a [3] [a] [ii]; [7] [b]), even though that crime was not classified under the Penal Law as a violent felony for sentencing purposes until 2007. In any event, defendant was still serving his sentence for that crime at the time of its reclassification in the Penal Law (*cf. People v Buss*, 11 NY3d 553 [2008]). Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.